UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| JAN F. BECKER, | ) | |
|---|---|---|
| *Petitioner,* | ) | |
| v. | ) | No.  1:06-cv-272 |
| | ) | *Collier/Lee* |
| WARDEN STEWART C. HUDSON, et al | ) | |
| *Respondent.* | ) | |

**MEMORANDUM**

Jan F. Becker ("Becker") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking convictions from the Holmes County Court in Millersburg, Ohio (Court File No. 1). On March 15, 2007 the Court entered an Order denying Becker's application to proceed *in forma pauperis* and directing Becker to pay the $5.00 filing fee within thirty (30) days from the date of this Order. A copy of the Order was mailed to Becker at his address of record on March 15, 2007. The document was returned to the district court clerk as undeliverable.

Consequently, Becker's mail was returned and he has not notified the Court of a current address; thus, he will be unable to timely respond to the Court's Order. Observing that Becker is attacking a conviction from the State of Ohio, it does not appear he has filed his habeas petition in the proper Court. Nevertheless, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Becker's failure to notify the Court of his current address.

Petitioner has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based

on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Becker due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Becker's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**